UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICKEY ELLIS CONLEY, et al.,        )
                                    )
               Plaintiffs,          )     Case No. 1:05-cv-406
                                    )
v.                                  )     Honorable Robert Holmes Bell
                                    )
JOHN H. AGGELER,                    )
                                    )     **REPORT AND RECOMMENDATION**
               Defendant.           )
_____)

This is a civil action brought by plaintiffs against defendant for alleged violations of the Credit Repair Organizations Act, 15 U.S.C. §§ 1679-1679j, Michigan's Credit Services Protection Act, MICH. COMP. LAWS §§ 445.1821-445.1826, and Michigan's Consumer Protection Act, MICH. COMP. LAWS §§ 445.901- 445.922. Plaintiffs allege that defendant falsely represented that he could improve their credit record and eliminate valid debts in return for a fee, and that as part of this scheme, the defendant obtained substantial fees and equity in plaintiffs' home. The matter is now before the court on defendant's motions to dismiss for lack of jurisdiction (docket #'s 24, 33), and plaintiffs' motion for a preliminary injunction (docket # 22). Upon review, I recommend that the motions be denied.

**1.**

On January 20, 2006, the court entered an order (docket # 37) which, pursuant to stipulation of the parties, ordered that plaintiffs' real property located in Ionia, Michigan, "may be sold and the net proceeds, after expenses of sale and payment of the mortgage, shall be deposited into

escrow, to be held by plaintiffs' counsel, Michael O. Nelson, pending further order of this court or written agreement of the parties." This was the relief sought in plaintiffs' motion for a preliminary injunction. I recommend that the motion be denied as moot.

**2.**

Defendant's motions to dismiss for lack of jurisdiction require little discussion. Plaintiffs filed their complaint on June 10, 2005. The complaint invokes federal question jurisdiction for claims under the Credit Repair Organizations Act pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction for plaintiff's state-law claims pursuant to 28 U.S.C. § 1367.

Defendant's answer (docket # 3) did not assert that the court lacks personal jurisdiction. Accordingly, defendant has waived any personal jurisdiction objection. *See* FED. R. CIV. P. 12(h); *see also United States v. Grooters*, No. 1:98 CV 488, 2000 WL 1819405, at * 2 (W.D. Mich. Oct. 27, 2000).

Defendant apparently believes that the court lacks jurisdiction, subject matter and/or personal, on the basis of the capitalization of his name on the face of the complaint. This argument has been repeatedly rejected as "frivolous," "silly," "bizarre and misguided." *See United States v. Bradley*, Nos. 99-3765, 99-3767, 99-3769, 2001 WL 997428, at * 1 (6th Cir. Aug. 9, 2001); *United States v. Collins*, 920 F.2d 629-30 (10th Cir. 1990); *United States v. Mitchell*, No. CRIM AMD 04-29, 2005 WL 3464983, at * 4 (D. Md. Dec. 19, 2005); *see also Wacker v. Crow*, No. 99-3071, 1999 WL 525905, at * 1 (10th Cir. July 1, 1999); *United States v. Frech*, Nos. 97-6282, 97-6349, 1998 WL 317472, at * 3 (10th Cir. June 16, 1998).

The courts have rejected as frivolous defendant's argument that this court is without subject matter jurisdiction because the acts alleged by plaintiffs took place between citizens of "Michigan state," and not in any "FEDERAL DISTRICT."[1]  *See United States v. Mundt*, 29 F.3d 233, 237 (6th Cir. 1994); *accord Harvard v. Pontesso*, No. 96-2187, 1997 WL 453135, at * 1 (6th Cir. Aug. 8, 1997); *United States v. Goard*, No. 97-5251, 1997 WL 362219, at * 1 (6th Cir. June 24, 1997); *United States v. Cooper*, No. 95-5078, 1995 WL 559304, at * 2 (6th Cir. Sept. 20, 1995).

Defendant's contention that plaintiffs' attorney is not "DULY LICENCED" is obviously false.  Plaintiffs' attorney is a member of the State Bar of Michigan and has been admitted to practice in this court since 1973.  In any event, this argument with regard to the status of plaintiffs' attorney cannot possibly provide a basis for dismissing this lawsuit for lack of subject matter jurisdiction.

Finally, defendant argues that he did not transact any business with plaintiffs because the plaintiffs had contracts with three trusts: First Financial Resource, Inertia International, and Redwood Trust. (docket # 24 at 2, ¶¶ 4,5).  Breach of contract is not among the claims that plaintiffs assert against defendant.  This argument does not provide a basis for a dismissal of plaintiffs' complaint.

---

[1]Defendant had been represented by counsel until January 12, 2006, when the court granted his attorney's motion to withdraw.  (docket # 37).

**Recommended Disposition**

For the reasons set forth herein, I recommend that defendant's motions to dismiss for lack of jurisdiction be denied, and that plaintiffs' motion for a preliminary injunction be denied as moot.

Dated:   January 25, 2006       /s/  Joseph G. Scoville
                                United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir.), *cert. denied*, 522 U.S. 1030 (1997); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).