UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| RICKEY ELLIS CONLEY, et al., | |
| Plaintiffs, | Case No. 1:05-cv-406 |
| v. | Honorable Robert Holmes Bell |
| JOHN H. AGGELER, | |
| | **MEMORANDUM OPINION** |
| Defendant. | |

This is a civil action brought by plaintiffs against defendant for alleged violations of the Credit Repair Organizations Act, 15 U.S.C. §§ 1679-1679j, Michigan's Credit Services Protection Act, MICH. COMP. LAWS §§ 445.1821-445.1826, and Michigan's Consumer Protection Act, MICH. COMP. LAWS §§ 445.901- 445.922. On January 25, 2006, Magistrate Judge Joseph G. Scoville entered a report and recommendation (docket # 38) recommending that defendant's motions to dismiss for lack of jurisdiction (docket #'s 24, 33) be denied. The matter is now before the court for *de novo* review on the *pro se* defendant's objections to the report and recommendation. (docket # 42). Defendant makes four objections: (1) his answer was sufficient to avoid waiver, and if it was not, the waiver is his former attorney's fault; (2) defendant did not act personally, but only as an agent for other legal entities; (3) the magistrate judge was biased; and (4) the plaintiffs' attorney is not licensed to practice law in Michigan. Upon review, the court finds that these objections are patently meritless. Defendant's objections will be overruled, the report and recommendation will be adopted, and defendant's motions to dismiss for lack of jurisdiction will be denied.

**Discussion**

Defendant argues that his answer did not waive his objection to the court's exercise of personal jurisdiction. On review, the court disagrees and finds that defendant's answer (docket # 3) did waive any challenge to the court's exercise of personal jurisdiction by failure to raise the defense as required by Fed. R. Civ. P. 12(h). Defendant cannot avoid this waiver by blaming his former attorney. Defendant is responsible for the actions taken by his attorney. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34 (1962); *Allen v. Murph*, 194 F.3d 722, 724 (6th Cir. 1999); *see also Lewis v. Weyerhaeuser Co.*, 141 F. App'x 420, 427 (6th Cir. 2005).

Defendant argues that he did not act personally, but only in a representative capacity. This objection is not a challenge to the court's exercise of either personal or subject-matter jurisdiction. To the extent that defendant is now claiming that the plaintiffs' complaint fails to state a claim against him, defendant's objection is inadequate to serve as a substitute for a Rule 12(b)(6) motion because, among other things, defendant's objection fails to address the elements of the three statutes forming the foundation of plaintiff's lawsuit.

Defendant's contention that the magistrate judge was biased against him is baseless. Defendant argues that, "Magistrate Judge Scoville clearly shows his prejudice against the alleged defendant in this case (especially Pro Se) in that there was never any claim in any documents about CAPITAL letters and Jurisdiction." (Objections at 2). The capitalization appearing in defendant's motions to dismiss for lack of jurisdiction (docket # 24, ¶¶ 3, 4, 7 and docket # 33, ¶¶ 3, 4, 8) reasonably lead the magistrate judge to believe that defendant was attempting to challenge the court's exercise of jurisdiction on the basis of the capitalization of defendant's name. The objection makes

it pellucid that defendant has abandoned any claim entitlement of dismissal on the basis of capitalization.

Defendant also offers as evidence of bias transcript pages 16 and 17 of the January 12 2006 hearing on motions by Attorney James J. Goulooze to withdraw as defendant's counsel and plaintiff's motion to compel discovery. These transcript pages reveal no evidence of bias. The magistrate judge was simply attempting to explain to defendant that he could not avoid his discovery obligations on the basis of contractual confidentiality agreements, nor could defendant's discovery obligations be avoided under Article I, Section 10 of the Constitution of the United States, which applies only to the States. U.S. Const. art. I, § 10, cl. 1 ("No State shall . . . pass any . . . law impairing the obligation of contracts."); *see Union Pac. R.R. Co. v. United States*, 99 U.S. (9 Otto) 700, 718 (1878)*; Glosemeyer v. Missouri-Kansas-Texas R.R.*, 879 F.2d 316, 321 (8th Cir. 1989); *see also Atlantic Mech. Corp. v. Resolution Trust Corp.*, No. 91-1500, 1992 WL 10277, at *3 (4th Cir. Jan. 27, 1992); *Bellsouth Telecomm., Inc. v. Public Serv. Comm'n of Ky*, 380 F. Supp. 2d 820, 826-27 (E.D. Ky. 2004), *aff'd sub nom.*, *Bellsouth Telecomm., Inc. v. Goss*, 142 F. App'x 886 (6th Cir. 2005).

Defendant's objection that plaintiffs' attorney is not licensed is set forth verbatim below:

> Alleged Defendant holds that it is **true and factual** that Plaintiffs Attorney is NOT "DULY LICENSED" to Practice law. That attorney Nelson Practices law in violation of MCLA 600.916. Nelson may have a Bar Membership card (P23546) but there is not a "license". "Licensing is a function of the Legislature. The "Bar" is under the authority of the of the Michigan Supreme Court and the Constitution prohibits the Delegation of Judicial Power,
>
> Everyday Nelson practices law without a Real License he commits Perjury of his Oath of Office and brings "Fraud Upon the Court".

(Objections at 3). This argument is frivolous, and even assuming *arguendo* that it was not, the argument would not provide a basis for the court to dismiss plaintiffs' lawsuit for lack of jurisdiction.[1] Plaintiffs' attorney is a longstanding member of the bar of the United States District Court for the Western District of Michigan and the State Bar of Michigan. Federal standards govern admission to practice in this court. *See Rittenhouse v. Delta Home Improvement, Inc. (In re Desilets)*, 291 F.3d 925, 929 (6th Cir. 2002). "[F]ederal courts have the right to control membership of the federal bar. Congress has provided in 28 U.S.C. § 2071 that district courts may prescribe rules for the conduct of their business. It is clear from 28 U.S.C. § 1654 that the authority provided in § 2071 includes the authority of the district court to regulate the membership of its bar." *Rittenhouse*, 291 F.3d at 929. Furthermore, "by his membership in the State Bar of Michigan, [plaintiffs'] counsel [is] licensed to practice law in this State." *People v. Maples*, No. 196975, 1997 WL 33339368, at * 1 (Mich. Ct. App. Nov. 4, 1997); *see Dubuc v. Parker*, No. 04-1901, 2006 WL 229798, at * 1 (6th Cir. Jan. 31, 2006); MICH. COMP. LAWS §§ 600.901, 600.904.

## **Conclusion**

For the reasons stated herein, defendant's objections will be overruled, the magistrate judge's report and recommendation will be adopted as the court's opinion, and defendant's motions to dismiss will be denied.

Date:   February 24, 2006              /s/ Robert Holmes Bell
                                       ROBERT HOLMES BELL
                                       CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The privilege of proceeding *pro se* is not limited to defendant. Even if the court discharged plaintiffs' attorney, the plaintiffs would have an opportunity to retain a new attorney or elect to proceed with this lawsuit *pro se*.