UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICKEY ELLIS CONLEY and
KIM LYNN CONLEY,

       Plaintiff,

                                        File No. 1:05-CV-406

v.

                                        HON. ROBERT HOLMES BELL

JOHN H. AGGELER,

       Defendant.
                                          /

**MEMORANDUM OPINION AND ORDER**

      Plaintiffs Rickey Ellis Conley and Kim Lynn Conley filed this action against Defendant John H. Aggeler alleging violations of the Credit Repair Organizations Act, 15 U.S.C. § 1679 *et seq.*, the Michigan Credit Services Protection Act, M.C.L. § 445.1821 *et seq.*, and the Michigan Consumer Protection Act, M.C.L. § 445.901 *et seq.* The jury returned a verdict in Plaintiffs' favor on all three counts, with a total jury award of $14,000. This matter is currently before the Court on Plaintiffs' unopposed motion for costs and attorney fees.

      All three statutes provide for an award of costs and attorney fees to the prevailing party. The Credit Repair Organizations Act provides that any person who fails to comply with any provision of the Act "shall be liable" for actual and punitive damages, and in the case of a successful action for actual or punitive damages, shall also be liable for "the costs

of the action, together with reasonable attorneys' fees." 15 U.S.C. § 1679g(a). The Michigan Credit Services Protection Act provides that a buyer may bring an action to "[r]ecover actual damages consisting of an amount not less than the amount paid by the buyer to the credit services organization, plus reasonable attorney fees and court costs." M.C.L. § 445.1824. The Michigan Consumer Protection Act similarly provides that "a person who suffers loss as a result of a violation of this act may bring an action to recover actual damages or $250.00, whichever is greater, together with reasonable attorneys' fees." M.C.L. § 445.911(2).

The Court's primary concern in awarding attorney fees is that the fees be reasonable. *See Reed v. Rhodes,* 179 F.3d 453, 471 (6th Cir. 1999). A reasonable fee is one that is adequate to attract competent counsel, but does not produce windfalls to attorneys. *Blum v. Stenson*, 465 U.S. 886, 897 (1984). To make the reasonableness determination one first determines the lodestar amount by multiplying the reasonable number of hours billed by a reasonable billing rate. *Barnes v. Cincinnati*, 401 F.3d 729, 745 (6th Cir. 2005). The burden is on the party seeking an award of fees to provide "evidence supporting the hours worked and rates claimed." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

Plaintiffs have submitted their counsel's contemporaneous time records. The time records indicate that counsel has spent a total of 71.5 hours on the case, billed at the rate of $250.00 per hour, and that they have incurred actual costs of $1,295.45. Defendant has not filed any opposition to Plaintiffs' motion for costs and attorney fees. Upon review the Court is satisfied that the costs and fees are reasonable. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion for costs and attorney fees (Docket # 69) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs are **AWARDED COSTS** in the amount of **$1,295.45** and **ATTORNEY FEES** in the amount of **$17,875.00**.


Date:   January 25, 2007             /s/ Robert Holmes Bell
                                     ROBERT HOLMES BELL
                                     CHIEF UNITED STATES DISTRICT JUDGE